## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMERA DYSART, | Case No. 4:16-cv-00410-GBC |
| Plaintiff, | |
| vs. | (MAGISTRATE JUDGE COHN) |
| NANCY A. BERRYHILL,[1] Acting Commissioner of the Social Security Administration, | OPINION AND ORDER TO DENY PLAINTIFF'S MOTION FOR ATTORNEY FEES |
| Defendant. | |

## **OPINION AND ORDER TO DENY PLAINTIFF'S MOTION FOR ATTORNEY FEES**

Before the Court is Plaintiff's Application for Award of Attorney Fees pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act (the "EAJA"). (Doc. 25). The Commissioner objects to the request. (Doc. 26).

The EAJA requires the United States to pay attorney fees and expenses to a "prevailing party," unless the Court finds the position of the United States was substantially justified, or special circumstances make an award unjust. 28 U.S.C. § 2412(d). The United States bears the burden of proving that its position was substantially justified. Kemp v. Bowen, 822 F.2d 966, 967 (10th Cir. 1987). In addition, once an EAJA application is filed, the government must justify both its position in any underlying administrative proceedings and in any subsequent court litigation. Hackett v. Barnhart, 475 F.3d 1166, 1170 (10th Cir. 2007).

In Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541 (1988), the Supreme Court defined "substantially justified" as "justified in substance or in the main—that is, justified to a

---

[1] Effective January 23, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of the Social Security Administration ("SSA") and is substituted as defendant in this action pursuant to Federal Rule of Civil Procedure 25(d).

degree that could satisfy a reasonable person." "Substantially justified" is more than "merely undeserving of sanctions for frivolousness." Id. However, the Tenth Circuit has held that EAJA fees are not automatically awarded in all Social Security cases where the government is unsuccessful on the merits. Hadden v. Bowen, 851 F.2d 1266, 1269 (10th Cir. 1988). To determine whether a position is substantially justified, the Court is guided by the language in Pierce, that "a position can be justified even though it is not correct . . . and can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. 552, 566, n.2.

In addition, in determining whether the government's position is substantially justified, the Court is not to equate the concept of substantial justification with the substantial evidence required to support the agency's decision. Hadden, 851 F.2d at 1269. The Tenth Circuit has rejected such an approach, holding that a position may be substantially justified even though it is not supported by substantial evidence. Id. If this were not the case, there would be "an automatic award of attorney's fees in all social security cases in which the government was unsuccessful on the merits." Id. The Tenth Circuit has reasoned that an automatic award of fees under the EAJA would be contrary to the intent of Congress and has adopted the majority rule "that a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified." Id. at 1267. The Court quoted the following language from a Second Circuit case:

> [A] reversal based on the 'hazy contours of the "substantial evidence" rule' does not necessarily mean that the position of the Government was not substantially justified.

Id. at 1269 (quoting Cohen v. Bowen, 837 F.2d 582, 858 (2nd Cir. 1988)). In the instant case, the Court reversed and remanded based on a finding that "appropriate circumstances" pursuant to SSR

96-6p did not exist, and the ALJ lacked substantial evidence to find that a non-examining physician opinion outweighed a treating source opinion pursuant to 20 C.F.R. 404.1527(c)(2). (Doc. 21). The Court's decision to remand turned on the interpretation and application of "appropriate circumstances" pursuant to SSR 96-6p. A reasonable person could disagree with the Court in this respect even though the Court would view such disagreement as incorrect. Thus, the Commissioner's decision was substantially justified. See Pierce v. Underwood, 487 U.S. 552, 566, n.2.

Based on the foregoing, the Court finds that the Commissioner's position, although not correct, was substantially justified and a reasonable person could have decided in the Commissioner's favor. Id. Thus, Plaintiff's Application for Award of Attorney Fees (Doc. 25) is DENIED.

SO ORDERED this January 29, 2018.

                                        **Gerald B. Cohn**
                                        **United States Magistrate Judge**